IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SWIFT LUMBER, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION No. 24-00236-KD-N |
| ) | |
| ACCELERANT SPECIALTY INSURANCE ) | |
| COMPANY, ) | |
|     Defendants. ) | |

**ORDER**

This action is before the Court on the Motion to Leave to File First Amended Complaint filed by Plaintiff Swift Lumber, Inc., (Doc. 46). Upon consideration, and for the reasons set forth herein, the motion is **GRANTED.** Accordingly, Swift Lumber shall file its **First Amended Complaint** on or before **January 15, 2025** and Defendants Accelerant Specialty Insurance Company and the substitute Defendant Factory Mutual Insurance Company shall file any responsive pleading on or **February 5, 2025.** Upon filing the First Amended Complaint, Defendant Mutual Boiler Re shall be terminated as a Defendant in this action.

Swift Lumber moves to amend the Complaint to substitute Factory Mutual as a party for Mutual Boiler Re, clarify allegations involving Factory Mutual, and allege unjust enrichment and interference with a business or contractual relationship claims against Factory Mutual, (Doc. 46). Defendants Accelerant Specialty Insurance Company and Mutual Boiler Re do not oppose this motion, but reserve all defenses, responses or rights to oppose the specific alelgations alleged in the Amended Complaint, (Doc. 47, 49).

Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings. At this stage of the litigation, Swift Lumber may amend its pleadings with Accelerant

Specialty Insurance Company and Mutual Boiler Re's written consent or leave of the court. Fed R. Civ. P. 15(a)(2). The Rule instructs the district court that it "should freely give leave" to amend the complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Since Accelerant Specialty Insurance Company and Mutual Boiler Re have filed written consent, the motion is due to be granted. Additionally, the Court has not ascertained any substantial reason to deny leave to amend. Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (Finding that the district court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.") (citations omitted).

**DONE** this **6th** day of **January, 2025.**

s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**